# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | | |
|---|---|---|
| The Travelers Home and Marine Insurance, Company, | ) ) ) | C/A No.: 0:10-1688-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| Trudy Pope, as named Trustee of "Clover Real Estate Land Trust," John Gregory Gardner, Amy P. Gardner, and RBC Bank (USA), | ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the court upon Defendants Trudy Pope, Amy Gardner, and John Gregory Gardner's ("Defendants") motion to stay this declaratory judgment action or, in the alternative, to dismiss it without prejudice. The parties have fully briefed this matter, and after hearing oral argument from the parties, the court is constrained to deny Defendants' motion.

## BACKGROUND

On or about April 24, 2009, Plaintiff Travelers Home and Marine Insurance Company ("Travelers") issued an insurance policy covering a residence owned by the Clover Real Estate Land Trust ("Trust"), of which Defendant Trudy Pope is the trustee, Defendant Amy Gardner is the successor trustee, and Defendant John Gregory Gardner is the director of the trust. After a fire destroyed the house on September 11, 2009, the Trust made a timely claim with Travelers for insurance benefits. According to Defendants, they made numerous attempts to work with Travelers to complete the claim's process. After waiting more than nine months for Travelers to make a coverage determination, the Trust ultimately advised Travelers, in a letter dated June 22, 2010, that if settlement of the insurance claim was not imminent, the Trust would be forced to file suit on or

before July 2, 2010. In response to the Trust's demand, Travelers filed the federal declaratory judgment action in this court on June 30, 2010, based on this court's diversity jurisdiction, asking the court to determine that the insurance contract is void or that it otherwise does not have an obligation to cover the Trust's lost property. True to its word, the Trust filed its own action on July 2, 2010, but in state court in North Carolina, alleging, among other things, that Travelers breached the insurance contract and violated North Carolina's Unfair and Deceptive Practices Act.

## ANALYSIS

Defendants move the court to abstain from exercising jurisdiction in this case pursuant to the United States Supreme Court's decisions in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), and, consequently, to stay or dismiss Plaintiff's declaratory judgment complaint without prejudice. In *Brillhart*, the Supreme Court held that when a plaintiff brings a declaratory judgment action, the district court enjoys discretion in deciding whether to assert jurisdiction over the action or abstain from hearing it. 316 U.S. at 495. This discretion stems from the federal Declaratory Judgment Act, which expressly provides that district courts "may" declare the rights and other legal relations of any interested party seeking a declaration. 28 U.S.C. § 2201(a). Given this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

Thus, even when a court has jurisdiction, it "is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment," *id.*, and a court's discretion "is especially crucial when, as here, a parallel or related proceeding is pending in state

court." *New Wellington Fin. Corp. v. Flagship Resort Develop. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005). In such cases, district courts have "wide discretion" to decline jurisdiction, *see Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996), although "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2.

When deciding whether or not to stay or dismiss a declaratory judgment action when there is a related proceeding underway in state court, a district court should weigh principles of "federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts." *Nautilus Ins. Co. v. Winchester Homes*, 15 F.3d 371, 376 (4th Cir. 1994). In doing so, a court considers the following four factors: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-94 (4th Cir. 1998). While weighing these factors, the court should remain mindful of the two principal criteria guiding the policy in favor of rendering declaratory judgments: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004). After considering

these factors, as they relate to the pertinent facts of this case, the court does not abstain from deciding whether or not Travelers is obligated to cover the loss of the home under the policy it issued the Trust.

With respect to the first *Nautilus* factor, the court is not convinced that North Carolina state court's have a strong interest in deciding this coverage dispute. As Travelers asserts, which is not disputed by Defendants, the property covered by the insurance policy in question is located in South Carolina; the accident occurred in South Carolina; the policy was issued to a South Carolina trust; the policy contains special provisions specifically related to the state of South Carolina; and the policy contains at least one notice to the insured, which it explicitly states is provided in compliance with "South Carolina law." (Compl. Ex. B. at 6.) The court recognizes the fact that Defendants applied for the insurance coverage through Travelers' insurance agent located in North Carolina, and under North Carolina law, which mirrors the law of South Carolina, "all contracts of insurance the applications of which are taken within [North Carolina] shall be deemed to have been made within [North Carolina] and are subject to the laws thereof." N.C. Gen. Stat. § 58-3-1. Nevertheless, the North Carolina Supreme Court has determined that the insurance law of North Carolina should apply when "North Carolina has a close connection with the interests insured," *Collins & Aikman Corp. v. Hartford Accident & Indem. Co.*, 436 S.E.2d 243, 246 (N.C. 1993), and in this case, it seems to be a stretch to argue that North Carolina has a "close connection" with the covered South Carolina property or the South Carolina insured. Therefore, the court does not find that North Carolina has a strong interest in having the coverage dispute decided in its state courts.[1]

---

[1] While Defendants contend that "North Carolina has an important interest in determining whether one of its insurance agents committed unfair and deceptive trade practices, negligence, or misrepresentation while performing [his] job duties in North Carolina," (Defs.' Mot. to Dismiss at 7), that argument is irrelevant to the disposition of this motion. Whether or not the court stays, dismisses, or proceeds with this declaratory

4

As for the second and third *Nautilus* factors, Defendants contend that the North Carolina state court could resolve the issue more efficiently than this court and could avoid any unnecessary entanglement created by deciding the coverage issue, which overlaps both actions. As Defendants point out, by resolving their breach of contract claim against Travelers, the North Carolina state court will necessarily determine the coverage issue as against Travelers. Moreover, because the North Carolina action involves additional claims against Travelers and Travelers' agent, who is not a named Defendant to the action filed in this court, Defendants contend that judicial resources would be preserved by allowing the parties to resolve all of the issues in one action.

To support its contention, Defendants cite to the Fourth Circuit's decision in *Centennial Life Insurance Company v. Poston*, 88 F.3d 255 (4th Cir. 1996). In *Poston*, the insurance company issued a health insurance policy to Victor and Barbara Poston. After issuing the policy, the insurance company suspected that the Postons made material misrepresentations on their insurance application and, ultimately, rescinded the insurance contract on that basis. The insurance company then filed a declaratory judgment action in federal court, seeking a declaration that the insurance policy was void, and approximately two months after this filing, the Postons brought suit in state court seeking the enforcement of the policy against the insurance company and asserting separate claims against the insurance company's agent. The Postons then moved to dismiss the federal action, and after determining that the issues involved in the declaratory action could be resolved as efficiently in state court as in federal court, and in fact had been raised in the state proceeding, the district court declined to exercise jurisdiction over the declaratory judgment action and dismissed it.

---

judgment action does not, in any way, affect the North Carolina court's ability to resolve Defendants' cause of action for violation of North Carolina's Unfair and Deceptive Practices Act against Travelers' agent.

On appeal, the Fourth Circuit affirmed the district court's decision to dismiss without prejudice the federal declaratory action. Applying the *Quarles* and *Nautulis* factors, discussed above, the Fourth Circuit determined that the district court did not abuse its discretion, particularly in light of the fact that the state court action contained a defendant and a number of issues not present in the federal action. *Poston*, 88 F.3d at 258. Because the Postons also asserted claims against the insurance company's agent, based on his representations about the insurance policy and his alleged failure to procure the insurance requested, the Fourth Circuit recognized that the state litigation could resolve all of the issues arising out of the transaction. *Id.* The court also noted that significant discovery had been undertaken in the state action, which supported the district court's decision to decline jurisdiction. *Id.*

In response to Defendants' argument, Travelers emphasizes the fact that the circumstances in *Poston* are distinguishable from those present in this case, primarily because Defendant RBC Bank is not a party to the North Carolina action. Travelers alleges that RBC Bank foreclosed on the property covered by the policy and currently has legal title to it. Therefore, Travelers contends that RBC Bank may have a claim to any proceeds under the policy, as a mortgagee, and it seeks to have RBC Bank bound by the coverage determination. As such, this case is distinguishable from *Poston* in that the North Carolina action does not contain all of the parties to the dispute, and also unlike in *Poston*, Travelers indicates that discovery has not yet begun in the North Carolina action. While Defendants contend that "any dispute between RBC and Travelers is distinct from the dispute between [them] and Travelers, and can be resolved separately," (Defs.' Mot. to Dismiss at 9), the court finds that this suggestion creates the same inefficiency of which Defendants complain. Finally, Travelers argues that the issues surrounding the formation of the Trust, the insured under the policy,

6

are critical to the determination of coverage in this case, and it believes this court can more efficiently address South Carolina law applicable to those issues or, if necessary, can certify a question to the South Carolina Supreme Court. After considering this last assertion, along with all of the other previously discussed points, the court finds that the second and third *Nautilus* factors weigh in favor of retaining jurisdiction.

Lastly, Defendants contend that Travelers' federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. To support their argument, Defendants point out that they made a final demand for coverage on June 22, 2010, through which they also notified Travelers that if settlement of the insurance claim was not imminent the Trust would file suit on or before July 2, 2010. According to Defendants, it was after receiving this notice, that Travelers raced to file its action with this court on June 30, 2010. In response, Travelers explains that they did receive Defendants' final demand letter on June 22, 2010; however, Defendants' letter was in response to a letter from Travelers, dated June 17, 2010, by which Travelers requested a meeting between the parties before its counsel left for vacation on June 23, 2010. Travelers also explains that, in Defendants' letter, they indicated that a meeting could not occur until mid-July due to scheduling difficulties. Because Defendants expressed their intention to file suit by July 2, 2010, a few weeks before they could meet with Travelers, Travelers opted to file the present action to seek clarification with regard to the policy in question. After considering the parties' arguments, the court does not believe procedural posturing occurred in this case. Travelers had a right to file suit in federal court in order to seek a declaration regarding its obligations under its policy, and simply because it responded to Defendants' letter, which threatened the filing of a lawsuit, by filing a suit of their own, the court does not find that Travelers attempted

7

to shop for a more favorable forum.

Therefore, based on the foregoing, the court denies Defendants' motion to stay this declaratory judgment action or, in the alternative, to dismiss it without prejudice. To be sure, the ruling of this court does not preclude the North Carolina suit from proceeding in its normal course. It merely permits the coverage dispute between the parties to be litigated in this court, and it may be that the North Carolina action produces a ruling on this issue which precludes this court from finding otherwise.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

November 3, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge