IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| The Travelers Home and Marine Insurance Company, | ) ) ) | C/A No.: 0:10-cv-1688-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Trudy Pope, as named Trustee of "Clover Real Estate Land Trust," John Gregory Gardner, Amy P. Gardner, and RBC Bank (USA), | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court pursuant to the defendants' motion for summary judgment (ECF No. 87). The Court held a hearing on September 28, 2011. After considering the written materials submitted and the arguments of counsel, the Court denies the defendants' motion for summary judgment.

Plaintiff ("Travelers") seeks a judicial declaration that there is no coverage under a homeowner's policy that it issued in the name of the "Clover Real Estate Land Trust." Travelers also argues that it is entitled to rescission of the policy based on the misrepresentations of the defendants. Defendants counterclaimed for breach of contract, bad faith refusal to pay insurance benefits, negligence, and misrepresentation. This Court bifurcated the action with Phase I determining whether coverage is available under the policy and Phase II determining the remaining claims.

1

In Phase I, Travelers seeks a declaration that there is no coverage under the policy. It alleges that the trust did not exist at the time the policy was entered into and that, therefore, the policy is void. Travelers also alleges that, if the trust existed, it did not hold title to the property at the time the policy was entered into. In the alternative, Travelers argues it is entitled to rescind the policy based on the material misrepresentations by Greg Gardner.

Defendants move for summary judgment on all of the plaintiff's claims in Phase I. Defendants argue that the policy is valid because the insureds possessed insurable interests in the property at the time the policy was entered into, and they submit that an omitted endorsement would have cured any deficiencies in the application process. Finally, defendants argue that Greg Gardner did not make any material misrepresentations in the insurance application process.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well-established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

With this standard in mind, the Court has reviewed the parties' briefs, the record, and the law, and has considered the arguments made at the hearing. The Court is

constrained to find at this stage in the case that there are genuine issues of material fact that prevent the Court from granting judgment as a matter of law.

The trial of plaintiff's claim shall occur during the November 2011 term of court. The parties will be seasonably notified of the date and time of the roster meeting.

IT IS SO ORDERED.

October 5, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge